JOHN B. BOWMAN v. WILLIAM VAN PELT.

**Peremptory Instruction.**

On a motion for a peremptory instruction every fact the evidence conduces to establish and every inference the jury may reasonably draw from the facts and circumstances in evidence before them must be assumed to be established.

**Fraudulent Representations.**

In a suit growing out of a sale of stock in a corporation, the price at which stock was selling was a fact capable of being known, and one who for a fraudulent purpose affirms that a named article is selling for so much in the market, when he knows it is selling for a less price, or is ignorant of the price, is guilty of legal fraud, and cannot escape liability on the ground that the other party might, by proper precautions, have learned that his statement was untrue.

**Opinions as to Values.**

A mere representation of the value of an article is not such a representation of a fact as will, if false, amount to a fraud in law.

APPEAL FROM FAYETTE CIRCUIT COURT.

April 17, 1878.

OPINION BY JUDGE COFER:

Appellant's exceptions to questions and answers Nos. 11, 12, 13, 15, 16 and 22, in the depositions of Lyman Stewart, C. W. Archbold, Milton Stewart and F. M. Andrews, should have been sustained. These questions and answers did not tend in any way to illustrate the issues being tried, and were calculated to mislead and confuse the jury. Much of the answers and all of the exhibits was not only irrelevant, but mere hearsay.

Question No. 20 was illegal. If Yost had made false representations about the condition of the company it was not competent to prove that fact against the appellant. The question was general, and the witnesses would have been justified in stating in answer to it any false or supposed false statement made at any time on any occasion or in respect to any matter in any way relating to the condition of the company. It was alleged that appellant and Yost colluded to defraud the appellee, but of that there was no evidence, and the statement of Yost, however fraudulent or false, made in the absence of the appellant, could have no tendency to establish the alleged confederation. No answer to question No. 25 is copied into the deposition of Lyman Stewart, and we cannot say that there was prejudicial error in overruling the exception to that question.

The questions 3, 4 and 5, and the answers thereto, all relate to the price of the stock of the Corney Machine Company, and as the market price of that stock was one of the questions in issue, the exceptions to those questions and answers were properly overruled. The answers to No. 23 were competent. The stock does not appear to have had an established and known market value at the stock exchanges or in the stock markets, and the only possible means of proving what it was selling for seems to have been that adopted.

On a motion for a peremptory instruction every fact the evidence conduces to establish and every inference the jury may reasonably draw from the facts and circumstances in evidence before them must be assumed to be established. Testing the action of the court in overruling the appellant's motion for a peremptory instruction made at the close of the appellee's evidence and renewed at the conclusion of the whole evidence, we think the court did not err.

The appellee testified that the appellant represented to him, pending the negotiations between them for the sale and purchase of the stock, that it was selling in the market at par, that he (appellee) was ignorant of its value and of the price at which it was selling, and relied on the representation of the appellant as to the price at which it was selling; and there was evidence conducing to prove that the appellant had bought his stock at fifty cents to the dollar, and the evidence shows but one sale made at a higher price; and the jury might have found on all the facts before them that the appellee knew it was not selling in the market at par when the appellee says he so represented it to him.

The fact that the appellee went to Corney's, and may have had an opportunity to learn the price at which the stock was selling and failed to do so, will not relieve the appellant if he represented that it was selling in the market at par, when he knew it was not, with the fraudulent intent to cheat the appellee, or when he ignorantly affirmed that it was.

The price at which the stock was selling was a substantive fact capable of being known, and one who for a fraudulent purpose affirms that a named article is selling for so much in the market when he knows it is selling for a less price or is ignorant of the price is guilty of legal fraud, and he cannot escape liability on the ground that the other party might by proper precautions have learned that his statement was untrue. Kerr on Frauds and Mistake, page 75.

A party so circumstanced may show that the other did not rely on his representation, and therefore that although his representation

may have been false it did not deceive him. If the appellant made the alleged representation that the stock was selling in the market at par, and knew that it was untrue, and the appellee relied upon the statement, the appellant must answer in damages for the fraud; but if notwithstanding the appellant's representation the appellee made inquiries as to the selling price it would be a question for the jury whether the appellant's representation or the information received from others induced the appellee to make the purchase. But if it be conceded that the appellee made inquiries at Corney's or elsewhere as to the price for which the stock was selling the court would not have been authorized to decide as matters of law that the appellee acted upon the information thus obtained, rather than upon the representation of the appellant; but would have been bound to leave that question to the jury. This we understand to be the effect of the citation in the brief from *Clapham v. Shillito,* 7 Beavan 146.

The court's instructions seem to us to be misleading, if not erroneous. The only false representation alleged to have been made, which was of a material matter of fact, was that the stock was then selling in the market at par.

A mere representation of the value of an article is not such a representation of a fact as will, if the representation be false, amount to a fraud in law. Values are generally mere matters of opinion, and that is especially true of the stock of a new corporation engaged in the manufacture and sale of patented articles. The success of such enterprises depends upon a variety of contingencies, and representations as to the value of shares in them cannot be understood to be more than the expression of the opinion of the person making the representation; and the same may be said of representations as to future dividends.

It was alleged in the amended petition that the defendant, to influence him (plaintiff) to purchase the stock, represented that he (defendant) was well acquainted with the business of the corporation, and knew the manner and extent of its operations, and that it might possibly declare annual dividends of 40 per cent., and would in any contingency declare a dividend of 25 per cent.

There was no evidence that such representations as above stated were made, except so much of it as relates to the dividends. That the appellant represented that he was well acqainted with the business of the company and knew the manner and extent of its corporations is entirely unproved. It was therefore misleading to say to the jury that if such representations were made and were untrue, or

were recklessly made by the appellant when he had no adequate information on the subject, etc., they should find for the plaintiff.

If the appellant represented to appellee that the stock was selling in the market at par, and that representation was false, and appellee knew it was false, or was ignorant whether it was true or false, and made it to induce the appellee to make the purchase, and the appellee relied upon the representation and was thereby induced to make the purchase, the law is for the appellee, and he is entitled to recover in damages the difference between what he agreed to pay for the stock and the price for which it was then selling in the market. But if the appellant merely expressed his opinion as to the value of the stock, or if the appellee did not rely in making the purchase upon appellant's representations as to the price at which it was selling in the market, the law is for the appellant.

No instructions should have been based upon alleged representations, other than such as were of material matters of fact, of which there was some evidence tending to prove, and as we have already said the only allegation of such representation was, first, that the stock was selling in the market at par, and, second, that the appellant was familiar with the business of the company and knew the manner and extent of its operations, etc., the latter of which there was no evidence.

The appellant was in court and was not prejudiced by the refusal of the court to allow his deposition to be read.

For the errors indicated the judgment is *reversed,* and the case is remanded for a new trial upon principles not inconsistent with this opinion.

*Breckinridge & Shelby, Houston & Mulligan, for appellant.*
*Martin & Parker, for appellee.*